IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | | |
|---|---|---|
| ENCORE ENTERPRISES, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. |
| | § | |
| ROBERTS HOTELS FORT MYERS, LLC | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ENCORE ENTERPRISES, INC. ( "Encore"), Plaintiff herein, and makes and files this its Plaintiff's Original Complaint complaining of Roberts Hotels Fort Myers, LLC ("Roberts Hotels" or "Defendant") the Defendant herein, and respectfully shows the Court as follows:

## I. PARTIES AND SERVICE OF PROCESS

1. Encore is a Mississippi Corporation with its principal place of business in Dallas, Dallas County, Texas.

2. Roberts Hotels is a Missouri limited liability company registered to do business in Florida which can be served by serving its registered agent: CT Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

## II. VENUE AND JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Lee County, Ft. Myers, Florida.

## III. STATEMENT OF FACTS

5. Encore Enterprises, Inc. ("Encore") is in the business of managing hotels. Encore was a limited partner in V-B1, LP ("VB-1") which owned the Coral Bridge Suites Hotel (the "Hotel").

6. On October 24, 2006, the Hotel suffered damage from Hurricane Wilma. Encore paid to repair the Hotel. Encore also insured the Hotel with First State Management Group.

7. On May 30, 2007, Encore filed an insurance claim with First State Management Group for reimbursement of the cost to repair the damages sustained by the Hotel.

8. Thereafter, on July 24, 2007, VB-1 sold the Hotel to Roberts Hotels Fort Meyers, LLC ("Roberts Hotels").

9. On April 3, 2008, First State Management Group sent a reimbursement check in the amount of $162,788.06 to Encore (the "Insurance Check"). The payees listed on the Insurance Check were Encore Enterprises, Wells Fargo Bank, N.A. c/o Midland Loan Service Inc., and Coral Bridge Suites. Encore sent the Insurance Check to Wells Fargo for endorsement with the restriction to return it to Encore. Rather than endorse the Insurance Check and return it to Encore, Wells Fargo endorsed the check to Roberts Hotels and sent it to the Hotel. On August 14, 2008, Roberts Hotels cashed the Insurance Check.

10. On October 15, 2008 and December 15, 2008, Encore demanded that Roberts Hotels pay the $162,788.06 to Encore. Roberts Hotels refused. Roberts Hotels, therefore, holds money which in equity and good conscience belongs to Encore.

11. Although proper demand has been made by Encore, there remains due and owing to Encore the sum of $162,788.06, which Roberts Hotels has failed to pay. As a result, Encore has been damaged in an amount in excess of the minimum jurisdictional limit of the Court.

## IV. CAUSES OF ACTION

### A. Count 1 - Unjust Enrichment/Money Had and Received

12. Encore hereby realleges the allegations contained in Paragraphs 1 through 11 the same as if fully set forth verbatim.

13. Roberts Hotels wrongfully received the Insurance Check. Encore paid to repair the Hotel, Encore made the claim on the policy, and Encore was the person entrusted to receive the money. Roberts Hotels received the Insurance check which in equity and good conscience, belongs to Encore. Roberts Hotels has been unjustly enriched by receiving the Insurance Check which it had no right to receive. Roberts Hotels' refusal to return the money to Encore proximately caused Encore damage in an amount in excess of the minimum jurisdictional limit of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Encore respectfully requests that Defendants be cited to appear and answer herein and that upon a full and final trial hereof, Encore recover a judgment against Defendants for the following:

a. actual damages;

b. pre-judgment interest at the maximum permissible rate, at law or equity;

c. costs of court;

d. post-judgment interest at the maximum permissible rate at law or in equity; and

e. such other and further relief, both general and special, at law or in equity, to which Encore may show itself to be justly entitled.

Respectfully submitted,

**BROWN MCCARROLL, L.L.P.**

By: ______________________________
Richard A. Illmer* - ***Trial Counsel***
Texas Bar No. 10388350
rillmer@mailbmc.com
Chalon N. Clark*
Texas Bar No. 24050045
cclark@mailbmc.com

2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*fax*)
**ATTORNEYS FOR PLAINTIFF,**
**ENCORE ENTERPRISES, INC.**

* Not admitted to practice in Florida. A Motion and Order to Appear Pro Hac Vice is filed herewith.