IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | | |
|---|---|---|
| ENCORE ENTERPRISES, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:09-cv-118-FtM-99SPC |
| | § | |
| ROBERTS HOTELS FORT MYERS, LLC | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ENCORE ENTERPRISES, INC. ( "Encore"), Plaintiff herein, and makes and files this its First Amended Complaint complaining of Roberts Hotels Fort Myers, LLC ("Roberts Hotels" or "Defendant") the Defendant herein, and respectfully shows the Court as follows:

**PARTIES AND SERVICE OF PROCESS**

1. Encore is a Mississippi Corporation with its principal place of business in Dallas, Dallas County, Texas.

2. Roberts Hotels is a Missouri limited liability company registered to do business in Florida which can be served by serving its registered agent: CT Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Lee County, Fort Myers, Florida.

**STATEMENT OF FACTS**

5. Encore Enterprises, Inc. ("Encore") is in the business of managing hotels. Encore managed the Coral Bridge Suites Hotel (the "Hotel"), which was owned by VB-1, Ltd. ("VB-1"). The Hotel was insured with First State Management Group. Encore and VB-1, Ltd are named as additional insureds in the policy.

6. On October 24, 2006, the Hotel suffered damage from Hurricane Wilma. Encore repaired the hotel.[1]

7. Subsequently, Encore filed an insurance claim with First State Management Group for reimbursement of the cost to repair the damages sustained by the Hotel.

8. On May 8, 2006, First State Management Group sent a reimbursement check in the amount of $280,735.80 to Encore (the "May Insurance Check"). The payees listed on the May Insurance Check were "Encore Enterprises, Wells Fargo Bank, N.A. c/o Midland Loan Service, Inc., Coral Bridge Suites." Encore sent the Insurance Check to Midland with the instruction for Midland to endorse it and return it to Encore. Midland endorsed the check and returned it to Encore on June 1, 2006.

9. On August 7, 2006, First State Management Group sent a reimbursement check in the amount of $48,959.23 to Encore ("August Insurance Check"). The payees listed on the insurance check were the same as those on the May Insurance check. Encore sent the August Insurance Check to Midland with the instruction for Midland to endorse it and return it to

[1] A subsidiary of Encore, Smita Management Corp, issued the checks.

Encore. Midland endorsed the check and returned it to Encore on May 11, 2007.

10. Thereafter, on July 24, 2007, VB-1 sold the Hotel to Roberts Hotels Fort Meyers, LLC ("Roberts Hotels").

11. On April 3, 2008, First State Management Group sent a reimbursement check in the amount of $162,788.06 to Encore (the "Insurance Check"). The Insurance Check was made payable to the same payees listed on the May and August Insurance Checks. Encore sent the Insurance Check to Midland with the instruction for Midland to endorse it and return it to Encore. However, on this occasion, rather than endorse the Insurance Check and return it to Encore, Midland endorsed the check and mistakenly sent it to the Hotel.

12. On August 14, 2008, Roberts Hotels cashed the Insurance Check.

13. On October 15, 2008 and December 15, 2008, Encore demanded that Roberts Hotels pay the $162,788.06 to Encore. Roberts Hotels refused.

## CAUSE OF ACTION

### I. Money Had and Received

14. Encore hereby realleges the allegations contained in Paragraphs 1 through 13 the same as if fully set forth verbatim.

15. The Insurance Check should not have been sent by Midland to Roberts Hotels. The check was sent by Midland to Roberts Hotels in error. Encore repaired the Hotel, submitted an insurance claim for the cost of the repairs, and received the Insurance Check. When Encore remitted the Insurance Check to Midland, Encore did not intend for Midland to deliver the check to the Hotel or to Roberts Hotels. Roberts Hotels received the Insurance check which in equity and good conscience belongs to Encore. To permit Roberts Hotels to keep the money would unjustly deprive Encore of its ownership of the money. Roberts Hotels' refusal to return the

money to Encore proximately caused Encore damage in an amount in excess of the minimum jurisdictional limit of the Court. Encore brings this claim for equitable relief as it has no adequate alternative legal remedy.

**WHEREFORE, PREMISES CONSIDERED**, Encore respectfully requests that Defendants be cited to appear and answer herein and that upon a full and final trial hereof, Encore recover a judgment against Defendants for the following:

a. actual damages;

b. pre-judgment interest at the maximum permissible rate, at law or equity;

c. costs of court;

d. post-judgment interest at the maximum permissible rate at law or in equity; and

e. such other and further relief, both general and special, at law or in equity, to which Encore may show itself to be justly entitled.

Respectfully submitted,


**BROWN MCCARROLL, L.L.P.**

By: ______________________________
Richard A. Illmer - ***Trial Counsel***
Texas Bar No. 10388350
rillmer@mailbmc.com
Chalon N. Clark
Texas Bar No. 24050045
cclark@mailbmc.com

2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100 Telephone
(214) 999-6170 Facsimile

**PAVESE LAW FIRM**
Linda Kay Pufahl Smith, Esquire
Florida Bar #0168815
1833 Hendry Street
Post Office Drawer 1507
Fort Myers, Florida 33092-1507
(239) 336-6296 Telephone
(239) 332-2243 Facsimile
LindaKSmith@paveselaw.com

**ATTORNEYS FOR PLAINTIFF, ENCORE ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

______ Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

______ Mailed by via regular U.S. Mail, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

______ Hand-delivered by courier receipted delivery.

______ Communicated by telephonic document transfer to the recipient's current telecopier number.

___X__ Electronic Service via the Middle District of Florida Electronic Case Filing System (ECF).

to: Carl Joseph Coleman
David C. Potter
FOWLER WHITE BOGGS, P.A.
P.O. Box 1567
Fort Myers, Florida 33902
(239) 334-3240 *facsimile*
*Attorneys for Defendant*

on this 20th day of April, 2010.

______________________
Richard A. Illmer