IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | | |
|---|---|---|
| ENCORE ENTERPRISES, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:09-cv-118-FtM-99SPC |
| | § | |
| ROBERTS HOTELS FORT MYERS, LLC | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ENCORE ENTERPRISES, INC. ( “Encore”), Plaintiff herein, and makes and files this its Third Amended Complaint complaining of Roberts Hotels Fort Myers, LLC (“Roberts Hotels” or “Defendant”) the Defendant herein, and respectfully shows the Court as follows:

**PARTIES AND SERVICE OF PROCESS**

1. Encore is a Mississippi Corporation with its principal place of business in Dallas, Dallas County, Texas.

2. Roberts Hotels is a Missouri limited liability company registered to do business in Florida which has already appeared herein.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a



**Exhibit "A"**

substantial part of the events or omissions giving rise to the claims asserted herein occurred in Lee County, Fort Myers, Florida.

## STATEMENT OF FACTS

5. Encore Enterprises, Inc. ("Encore") managed the Coral Bridge Suites Hotel (the "Hotel"), through its subsidiary Pineapple Management. The Hotel was owned by VB-1, Ltd. ("VB-1"). The Hotel was insured with First State Management Group, a subsidiary of The Hartford. Encore is a named insured in the policy.

6. On October 24, 2006, the Hotel suffered damage from Hurricane Wilma.

7. As a result, Encore filed an insurance claim with First State Management Group for loss sustained by the Hotel.

8. On May 8, 2006, First State Management Group sent a check in the amount of $280,735.80 to Encore (the "May Insurance Check"). The payees listed on the May Insurance Check were "Encore Enterprises, Wells Fargo Bank, N.A. c/o Midland Loan Services, Inc., Coral Bridge Suites." Encore sent the Insurance Check to Midland Loan Services, Inc. ("Midland") with the instruction for Midland to endorse it and return it to Encore. Midland endorsed the check and returned it to Encore on June 1, 2006.

9. On August 7, 2006, First State Management Group sent a check in the amount of $48,959.23 to Encore ("August Insurance Check"). The payees listed on the insurance check were the same as those on the May Insurance check. Encore sent the August Insurance Check to Midland with the instruction for Midland to endorse it and return it to Encore. Midland endorsed the check and returned it to Encore on May 11, 2007.

10. On June 1, 2007, First State Management Group sent a check in the amount of $160,169.74 to Encore (the "Lost Insurance Check"). The payees listed on the Lost Insurance

Check were the same as those on the May and August Insurance checks. The Lost Insurance Check was lost in the mail and was never received nor cashed by Encore.

11. Thereafter, on July 24, 2007, VB-1 sold the Hotel to Roberts Hotels.

12. On April 3, 2008, First State Management Group re-issued the Lost Insurance Check in the amount of $160,169.74 to Encore (the "Disputed Insurance Check"). The Disputed Insurance Check was made payable to the same payees listed on the May, August, and Lost Insurance Checks. Encore sent the Disputed Insurance Check to Midland with the instruction for Midland to endorse it and return it to Encore. However, on this occasion, rather than endorse the Disputed Insurance Check and return it to Encore, Midland endorsed the Disputed Insurance Check and mistakenly sent it to the Hotel.

13. On August 14, 2008, Roberts Hotels cashed the Disputed Insurance Check.

14. On October 15, 2008 and December 15, 2008, Encore demanded that Roberts Hotels pay the $160,169.74 to Encore. Roberts Hotels refused.

15. All of the checks from First State Management Group to Encore referred to herein were for payment of the same insurance claim by Encore.

16. On August 13, 2010, Encore obtained an assignment of the unjust enrichment claim from Midland Loans Services, Inc.

## CAUSES OF ACTION

### I. Money Had and Received

17. Encore hereby realleges the allegations contained in Paragraphs 1 through 16 the same as if fully set forth verbatim.

18. The Disputed Insurance Check should not have been sent by Midland to Roberts Hotels. The Disputed Insurance Check was sent by Midland to Roberts Hotels in error. Encore

submitted an insurance claim for losses and received the Disputed Insurance Check. When Encore remitted the Disputed Insurance Check to Midland, Encore did not intend for Midland to deliver the check to the Hotel or to Roberts Hotels. Roberts Hotels received and cashed the Disputed Insurance Check which in equity and good conscience belongs to Encore. To permit Roberts Hotels to keep the money would unjustly deprive Encore of its ownership of the money. Roberts Hotels' refusal to return the money to Encore proximately caused Encore damage in an amount in excess of the minimum jurisdictional limit of the Court. Encore brings this claim for equitable relief as it has no adequate alternative legal remedy.

**II. Unjust Enrichment**

19. Encore hereby realleges the allegations contained in Paragraphs 1 through 18 the same as if fully set forth verbatim.

20. Encore made the claim on the insurance policy and Encore was the person entitled to receive the money. Midland mistakenly sent the check to Roberts Hotels. Roberts Hotels wrongfully received and accepted the Disputed Insurance Check. Therefore, Midland conferred a benefit upon Roberts Hotels. Roberts Hotels knew or should have known that it was not entitled to cash the Disputed Insurance Check. It fully appreciated the windfall it received. Roberts Hotels' acceptance and retention of the benefit under the circumstances makes it inequitable for Roberts Hotels to retain the benefit without paying for it. Roberts Hotels inequitably retained the proceeds of the Disputed Insurance Check without paying the value thereof. Roberts Hotels' refusal to return the money to Encore proximately caused Encore damage in an amount in excess of the minimum jurisdictional limit of the Court. Encore brings this claim for equitable relief as it has no adequate alternative legal remedy.

**WHEREFORE, PREMISES CONSIDERED**, Encore respectfully requests that Defendants be cited to appear and answer herein and that upon a full and final trial hereof, and Encore recover a judgment against Defendants for the following:

a. actual damages;

b. pre-judgment interest at the maximum permissible rate, at law or equity;

c. costs of court;

d. post-judgment interest at the maximum permissible rate at law or in equity; and

e. such other and further relief, both general and special, at law or in equity, to which Encore may show itself to be justly entitled.

Respectfully submitted,

**BROWN MCCARROLL, L.L.P.**


By: /s/ Richard A. Illmer
Richard A. Illmer - ***Trial Counsel***
Texas Bar No. 10388350
rillmer@brownmccarroll.com
Chalon N. Clark
Texas Bar No. 24050045
cclark@brownmccarroll.com

2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100 Telephone
(214) 999-6170 Facsimile

**PAVESE LAW FIRM**
Linda Kay Pufahl Smith, Esquire
Florida Bar #0168815
1833 Hendry Street
Post Office Drawer 1507
Fort Myers, Florida 33092-1507
(239) 336-6296 Telephone
(239) 332-2243 Facsimile
LindaKSmith@paveselaw.com

**ATTORNEYS FOR PLAINTIFF,**
**ENCORE ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

______ Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

______ Mailed by via regular U.S. Mail, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

______ Hand-delivered by courier receipted delivery.

______ Communicated by telephonic document transfer to the recipient's current telecopier number.

___X__ Electronic Service via the Middle District of Florida Electronic Case Filing System (ECF).

to: Carl Joseph Coleman
David C. Potter
FOWLER WHITE BOGGS, P.A.
P.O. Box 1567
Fort Myers, Florida 33902
(239) 334-3240 *facsimile*
*Attorneys for Defendant*

on this 3rd day of February, 2011.

__/s/ Richard A. Illmer__________________
Richard A. Illmer