UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENCORE ENTERPRISES, INC.,

    Plaintiff,

v.                                                        Case No:  2:09-cv-118-Ftm-36SPC

ROBERTS HOTELS FORT MYERS, LLC,

    Defendant.
_____/

## **ORDER**

    This matter comes before the Court on Plaintiff's Motion to Compel Discovery from Defendant (Doc. #143) filed on March 4, 2013.  Judgment has been entered in this case in favor of the Plaintiff on September 11, 2012.  (Doc. #127).  Thus, Plaintiff moves in the instant Motion for discovery in aid of execution on the judgment.  Plaintiff states that it served Plaintiff's Request for Production of Documents on Defendant on November 12, 2012.  To date, Defendant has failed to file a response.

    The Court notes that Defendant is currently not represented by counsel.  On December 11, 2012, this Court allowed defense counsel to withdraw and gave the corporate Defendant until January 10, 2013 to obtain new counsel, directing that counsel shall file their appearance on behalf of the Defendant by this date. (Doc. #142).  The Court directed the Clerk at that time to mail a copy of that Order to Roberts Hotels at its last known address in St. Louis, Missouri.  To date, no counsel has entered an appearance on behalf of the Defendant.  As the Court previously cautioned Defendant, **corporations may not proceed** *pro se* in this Court. Under Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to the Court

pursuant to Local Rule 2.01 or 2.02. The rule is well established that a corporation is an artificial entity that can only be represented through its agents. Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985). It cannot appear in judicial proceedings *pro se* but must instead be represented by licensed counsel. Id. The general rule that corporations must be represented by an attorney in judicial actions applies even where the person seeking to represent the corporation is its president and/or major stock holder. Id.

Defendant may not respond to Plaintiff's discovery *pro se*. Counsel is required to respond for Defendant. Because Plaintiff is entitled to post-judgment discovery, the request to compel the discovery is granted and the Defendant must respond to the discovery after it has obtained counsel. Defendant is advised that it **must** respond to discovery propounded on it by the Plaintiff. **Failure to obtain counsel and respond could result in this Court entering sanctions against the Defendant without further notice**. Once counsel is obtained, Plaintiff shall serve the discovery requests on the new counsel.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Compel Discovery from Defendant (Doc. #143) is **GRANTED**.

(2) Defendant shall have up to and including April 8, 2013 to obtain new counsel. Counsel shall file their appearance on behalf of the Defendant by this date. **Failure to obtain counsel and respond could result in this Court entering sanctions against the Defendant without further notice**.

(3) Once counsel is obtained, Plaintiff shall serve the discovery requests on new counsel.

(4) The Clerk of Court is directed to mail a copy of this Order to Roberts Hotels Fort Myers, LLC, 1408 N. Kingshighway Blvd., Suite 300, St. Louis, Missouri 63113.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of March, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record